# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER PICKENS,

    **Plaintiff,**

    v.                                    Case No. 15-CV-581

SGT. RICKY DAVIS, et al.,

    **Defendants.**

## ORDER

On July 22, 2015, plaintiff, who is incarcerated at Waupun Correctional Institution, voluntarily dismissed his lawsuit, which he was permitted to do pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). His filing effected the immediate dismissal of the lawsuit, without any action by the court. On August 13, 2015, plaintiff requested that he be allowed to reinstate the lawsuit. He stated he made a mistake and asked that I give him additional time to prepare an amended complaint.

On August 19, 2015, I explained to plaintiff that, once an action is voluntarily dismissed, a final judgment is entered and it is as if the lawsuit had never been filed. Nelson v. Napolitano, 657 F.3d 586, 588 (7th Cir. 2011) (citations omitted). Generally, a plaintiff may bring the lawsuit again only by filing a new complaint and paying a new filing fee. Id. (citing Richmond v. Charter, 94 F.3d 263, 267 (7th Cir. 1996). Only in exceptional circumstances may a court relieve a party from a final judgment. Fed. R. Civ. Pro. 60(b) (allowing a court to relieve a party from a final judgment, order, or proceeding for reasons including "mistake, inadvertence, surprise, or excusable neglect.")

I also explained that, generally, "[a]n inadvertent 'mistake' that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances"; it does not involve a misunderstanding of the applicable procedural rules or a change of heart in a plaintiff's tactical strategy. <u>Nelson</u>, 657 F.3d at 590. In short, simply changing one's mind is not likely to be sufficient to warrant the extraordinary remedy of relieving a plaintiff from the dismissal that he voluntarily effected.

With that in mind, I asked the plaintiff to provide additional information about the "mistake" that led to him voluntarily dismissing his lawsuit. On August 28, 2015, plaintiff responded that the mistake was related to the law library computer systems being down for one week to allow for an upgrade to the LexisNexis system. While not entirely clear from plaintiff's response, it appears that he did not believe he would be able to file an amended complaint as I had previously ordered because he could not adequately support his claims without access to the law library computer.

Plaintiff's explanation is not sufficient to warrant the extraordinary relief of setting aside a final judgment. On July 15, 2015, I ordered that plaintiff file a second amended complaint by August 14, 2015, to cure identified deficiencies. The plaintiff voluntarily dismissed his action one week after my order and three weeks before the amended complaint was due. Even if the law library computers were down for a week, this does not explain why plaintiff decided to dismiss his action. Plaintiff still had at least two weeks to prepare the amended complaint, and, if that proved an insufficient amount of time, he could have asked for additional time.

It appears to me that plaintiff acted in haste, dismissed his lawsuit, and then later regretted it. However, as I previously explained, a decision to voluntarily dismiss one's

2

case is not a decision that can be easily undone. A court will relieve a party from a final judgment only in exceptional circumstances, and those simply do not exist here.

**THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to reinstate his lawsuit (Docket #14) is **DENIED**. Plaintiff may bring the lawsuit again only by filing a new complaint and paying a new filing fee.

Dated at Milwaukee, Wisconsin, this 11th day of September, 2015.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

3

Case 2:15-cv-00581-LA   Filed 09/11/15   Page 3 of 3   Document 17